UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

TIARA BROWNIE

                      Plaintiff,                  Case No. 1:20-cv-02881-VSB

v.

EXPERIAN INFORMATION SOLUTIONS, INC.
TRANS UNION, LLC
COMPLETE CREDIT SOLUTIONS, INC.

                      Defendants.
_____

**STIPULATED PROTECTIVE ORDER**

      IT IS HEREBY STIPULATED by and between Plaintiff Tiara Brownie ("Plaintiff") and Defendant Complete Credit Solutions, Inc. ("CCS") (collectively the "Parties"), through their respective attorneys of record, as follows:

      WHEREAS, documents and information have been and may be sought, produced or exhibited by and among the Parties to this action relating to trade secrets, confidential research, development, technology or other proprietary information belonging to the Defendants, and/or personal income, credit and other confidential information of Plaintiff; and

      THEREFORE, an Order of this Court protecting such confidential information shall be and hereby is made by this Court on the following terms:

      1.    This Stipulated Protective Order ("Protective Order") shall govern the use, handling and disclosure of all documents, testimony or information produced or given in this action, which are designated to be subject to this Protective Order in accordance with the terms hereof.

2.Any Party or non-party producing or filing documents or other materials in this action (the "Producing Party") may designate such materials and the information contained therein subject to this Protective Order by typing or stamping on the front of the document, or on the portion(s) of the document for which confidential treatment is designated, "Confidential." If the document is produced in native format, such as an Excel spreadsheet, the producing party shall include the notation "CONF." in the filename.

3.A party wishing to designate portions of a deposition transcript "Confidential" pursuant to this Order must, within 2 business days from the conclusion of the deposition, order the original or a copy of the transcript of the deposition from the court reporter for regular turnaround. The designating party may designate those portions of the transcript "Confidential", in accordance with paragraph 2 of this Order. The designating party shall designate such "Confidential" either on the record or by serving upon all counsel of record via facsimile or other electronic transmission a Notice setting forth the page, line numbers and designation. Blanket designations of confidentiality shall not be permitted. The designating party must serve such Notice within 14 calendar days after its counsel receives a copy of the deposition transcript. All transcripts will be treated as confidential until the expiration of the 14-day period described in this paragraph. Any portions of a transcript designated as confidential shall thereafter be treated as confidential in accordance with this Order. The parties shall negotiate in good faith to alter the time frames set forth in this paragraph in situations where a more expedited filing of a designated portion of the deposition transcript is required.

4.To the extent any motions, briefs, pleadings, deposition transcripts, or other papers to be filed with the Court incorporate documents or information subject to this Protective Order, the Party filing such papers shall designate such materials, or portions thereof, as "Confidential,"

and shall file them with the clerk under seal; provided, however, that a copy of such filing having the confidential information deleted therefrom may be made part of the public record. Any Party filing any document under seal must also comply with Judge Broderick's Individual Motion Practice and Rules for filing under seal.

5. All documents, transcripts, or other materials subject to this Protective Order, and all information derived therefrom (including, but not limited to, all testimony given in a deposition, declaration or otherwise, that refers, reflects or otherwise discusses any information designated "Confidential" hereunder), shall not be used, directly or indirectly, by any person, including the other Defendants, for any business, commercial or competitive purposes or for any purpose whatsoever other than solely for the preparation for and trial of this action in accordance with the provisions of this Protective Order.

6. Except with the prior written consent of the individual or entity designating a document or portions of a document as "Confidential," or pursuant to prior Order after notice, any document, transcript or pleading given "Confidential" treatment under this Protective Order, and any information contained in or derived from any such materials (including but not limited to, all deposition testimony that refers to, reflects or otherwise discusses any information designated "Confidential" hereunder) may not be disclosed other than in accordance with this Protective Order and may not be disclosed to any person other than: (a) the Court and its officers; (b) Parties to this litigation; (c) counsel for the Parties, whether retained outside counsel or in-house counsel and employees of counsel assigned to assist such counsel in the preparation of this litigation; (d) fact witnesses subject to a proffer to the Court or a stipulation of the Parties that such witnesses need to know such information; (e) present or former employees of the Producing Party in connection with their depositions in this action (provided that no former employees shall be shown documents

prepared after the date of his or her departure); and (f) experts specifically retained as consultants or expert witnesses in connection with this litigation.

7.      Documents produced pursuant to this Protective Order shall not be made available to any person designated in Subparagraph 6(f) unless he or she shall have first read this Protective Order, agreed to be bound by its terms, and signed the attached "Declaration of Compliance" (Exhibit A).

8.      All persons receiving any or all documents produced pursuant to this Protective Order shall be advised of their confidential nature.  All persons to whom confidential information and/or documents are disclosed are hereby enjoined from disclosing same to any person except as provided herein, and are further enjoined from using same except in the preparation for and trial of the above-captioned action between the named Parties thereto.  No person receiving or reviewing such confidential documents, information or transcript shall disseminate or disclose them to any person other than those described above in Paragraph 5 and for the purposes specified, and in no event shall such person make any other use of such document or transcript.

9.      Nothing in this Protective Order shall prevent a Party from using at trial any information or materials designated "Confidential."

10.     This Protective Order has been agreed to by the Parties to facilitate discovery and the production of relevant evidence in this action.  Neither the entry of this Protective Order, nor the designation of any information, document, or the like as "Confidential," nor the failure to make such designation, shall constitute evidence with respect to any issue in this action.

11.     Within sixty (60) days after the final termination of this litigation, all documents, transcripts, or other materials afforded confidential treatment pursuant to this Protective Order, including any extracts, summaries or compilations taken therefrom, but excluding any materials

which in the good faith judgment of counsel are work product materials, shall be returned to the Producing Party.

12.     In the event that any party disagrees with any designation made under this Order, that party shall bring it to the attention of the designating party within a reasonable time after discovering their disagreement. The parties shall first attempt in good faith to resolve the disagreement informally.  If the dispute cannot be resolved and the receiving party concludes in good faith that the materials have been improperly classified, the receiving party shall notify the designating party in writing by facsimile or by electronic transmission of its objection, but shall continue to maintain the documents or other information as confidential for ten (10) days after such notice.  The designating party shall have the right to move the Court to retain the designated status of such materials.  If the designating party files such a motion within the ten (10) day period, the receiving party shall continue to retain the materials as CONFIDENTIAL consistent with the designating party's designation, until the Court has ruled on the designating party's motion.

13.     Nothing herein shall affect or restrict the rights of any Party with respect to its own documents or to the information obtained or developed independently of documents, transcripts and materials afforded confidential treatment pursuant to this Protective Order.

14.     The Court retains the right to allow disclosure of any subject covered by this stipulation or to modify this stipulation at any time in the interest of justice.

| | |
|---|---|
| Dated: February 5, 2021 | Respectfully submitted,<br><br>/s Abel L. Pierre<br>Abel L. Pierre, Esq.<br>LAW OFFICE OF ABEL L. PIERRE, PC<br>140 Broadway, 46th Floor<br>New York, NY 10005<br>Telephone:  (212) 766-3323<br>Email:  abel@apierrelaw.com<br><br>Craig C. Marchiando (pro hac vice)<br>CONSUMER LITIGATION ASSOCIATES, P.C.<br>763 J. Clyde Morris Blvd., Suite 1-A<br>Newport News, VA 23601<br>Telephone:  (757) 930-3660<br>Email:  craig@clalegal.com<br><br>***Attorneys for Plaintiff*** |
| Dated: February 5, 2021 | Respectfully submitted,<br><br>/s Sean M. O'Brien<br>Sean M. O'Brien, Esq.<br>LIPPES MATHIAS WEXLER FRIEDMAN LLP<br>50 Fountain Plaza, Suite 1700<br>Buffalo, NY 14202<br>Telephone:  (518) 669-0813<br>Email:  sobrien@lippes.com<br><br>***Attorney for Defendant***<br>***Complete Credit Solutions, Inc.*** |

IT IS SO ORDERED.

Dated: __February 8__, 2021

*[Signature: Vernon Broderick]*

Vernon S. Broderick
United States District Judge

**EXHIBIT A**

**DECLARATION OF COMPLIANCE**

I, _____, declare as follows:

1. My address is _____.

2. My present employer is _____.

3. My present occupation or job description is _____.

4   I have received a copy of the Protective Order entered in this action on _____, 20\_\_\_.

5. I have carefully read and understand the provisions of this Protective Order.

6. I will comply with all provisions of this Protective Order.

7. I will hold in confidence, and will not disclose to anyone not qualified under the Protective Order, any information, documents or other materials produced subject to this Protective Order.

8. I will use such information, documents or other materials produced subject to this Protective Order only for purposes of this present action.

9. Upon termination of this action, or upon request, I will return and deliver all information, documents or other materials produced subject to this Protective Order, and all documents or things which I have prepared relating to the information, documents or other materials that are subject to the Protective Order, to my counsel in this action, or to counsel for the Party by whom I am employed or retained or from whom I received the documents.

10. I hereby submit to the jurisdiction of this Court for the purposes of enforcing the Protective Order in this action.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this ____ day of _____, 20__ at _____.

                                                                   _____
                                                                   QUALIFIED PERSON